And we'll move to our final case this morning, which I believe is a remote argument, so we can bring those attorneys in online. I see Ms. Burns. All right, and I see Mr. Brangle, so we can proceed. The final case this morning is United States v. Ingram. Can you all hear me? Yes? Yes. Okay. All right. Then we can proceed. Mr. Brangle. Thank you, Your Honor. May it please the court, my name is David Brangle, and I represent Derrick Ingram, the appellant. The issue before the court today is whether or not the district court erred in applying a four-level sentencing enhancement for possessing a gun in connection with another felony, and whether or not the district court erred in its decision to give Mr. Ingram a variance With respect to our arguments on the variance, Your Honor, we will stand on our brief. I would like to use my time before the court to argue against the four-level enhancement in the guidelines. Your Honor, we would respectfully submit that the application of the four-level enhancement is in error, and that the facts do not support that the gun in question had any way to encourage or facilitate the possession of the drugs found. Mr. Ingram was found with very small amounts of drugs in his car. He is alleged to have run from the police. He does not contest that, and he received obstruction points for that. He was found far away from the drugs. He, in a sense, abandoned the drugs at the scene. Additionally, there was discussion while probation found in its PSR writing that the in connection was for in connection with possession of drugs, there was discussion at the sentencing hearing of whether or not this gun was in connection to drug trafficking because Mr. Ingram made it a post-arrest statement that he had been a drug dealer his whole life. However, in the instant offense, only very small quantities of drugs were found, and he did not admit in that interview that he was trafficking drugs in this particular event. Mr. Bringle, did the district judge make a specific finding as to whether the related felony was simple possession or trafficking? Your Honor, it's our position that we don't believe he did. It seems from the record that the district court's finding is a bit muddled about whether it was relying on possession or drug trafficking. Of course, it's our position to the court that whichever rationale it was using, the facts don't support the application of the enhancement. But in answer to Your Honor's questions, I do not think the court made a specific finding that it was using one over the other. Does that make a difference, Mr. Bringle? If this is, if the felony that the gun was possessed in connection with is a straight possession offense as opposed to trafficking or possession with intent to deliver, is that a felony offense, a straight possession of either this amount of meth or this amount of cocaine? I think possessing this would be a felony offense, Your Honor, and I do think it makes a difference because of this court's decision in U.S. versus Briggs, which cautions district courts to engage in a separate analysis where it will say these drugs were possessed in connection with a possession count or in connection with a trafficking account. In addition, Your Honor, in reference to your question, there is a note in the statute that says where the enhancement would apply in a trafficking situation, the proximity of a gun in drugs is a factor that would potentially warrant the application. However, in this case, initially, probation made the determination that this was not a trafficking situation. In the PSR, it was applied for in connection with possession. And so the guideline we would submit makes a distinction between a situation where the defendant is merely possessing versus whether it's in connection with a trafficking offense. So I think it does make a difference, Your Honor, which crime it's in connection with. Why isn't the finding at the finding, even though it's not as complete as it otherwise might be, Mr. Brink, I'll give you that. Why is it not adequate? I'm looking I'm looking right at the transcript, right? He says I this is the district court observing that Mr. Ingram has a history of drug dealing. He's been he's in possession of a bag of drugs here. He runs. You know what the findings are. Why isn't that adequate? Well, I think, Your Honor, because of this court's holding it, at least in Brinkford, I think in some other cases, too, you know, there's a caution of district courts to be to in in why they're they're applying the four levels. Is it for possession or is it for distribution? I am I believe I'm familiar with the passage that your honor is referring to. And I believe that the judge in his comments sort of lumps everything together and doesn't say I'm applying this four level enhancement because it's for one or the other. It sort of says he's applying it for all of them. And if that's what the district judge is doing, it's our position to the court that that the facts of this case simply don't support either. And, you know, I don't know if that answers your honor's question, but I just think that, you know, also, yeah, I hope that that answers your honor's questions. If it didn't, I will. No, I hear you. I hear you. You're saying, look, I I'll grant you that it's not as complete. And you're saying, yeah, I agree with that. And it really doesn't satisfy it either way. So that's that's what we have to decide. Yes. Thank you, your honor. Mr. Brango, could I ask you about the government's argument that any guideline error was harmless here? And in particular, I note the the point made in the written statement of reasons. My question is whether there was any discussion by the judge or by counsel of that question in the in-person sentencing hearing. Your honor, with respect to harmless error in the in-person sentencing hearing, I do not recall any discussion of whether or not, you know, harmless error would be a thing. I do recognize that the judge did put that in a statement of reasons. I don't recall any discussions at the sentencing hearing about that. We do disagree that it would be harmless, I think, because I'm sure your honor and the court's aware, you know, the judge must correctly calculate the guidelines before he does anything else. And I think that that has to be the starting point of a sentencing hearing. And if that answers your honor's questions, I'd like to save the remainder of my time for rebuttal. That's fine. Thank you. Ms. Burns. Thank you, your honor. My name is Allie Burns, and I am appearing on behalf of the United States. The district court did not clearly err in applying the guideline enhancement for possession of a firearm in connection with another felony offense. Whether that felony offense was possession of drugs or drug trafficking, there was sufficient evidence in the record. So which did the judge find? Your honor, I think the court was finding that both applied, that both were supported by the facts in the record and in support of that, the record included the fact that the defendant was leaving a known drug trafficking area when the traffic stop occurred. Briefly after that, he fled from the car with his gun, leaving behind in that seat a bag with his possessions, his ID and a credit card, as well as 0.85 grams of methamphetamine and 1.47 grams of cocaine. And in the record, the court talked about the fact that this was the defendant being in public with these items. This wasn't just at home. The fact that the defendant had, frankly, a significant history of drug dealing and distribution specifically. And then I think also importantly, the fact that the defendant, upon being arrested, talked about the fact that he's been dealing drugs his entire life. These findings would support by a preponderance standard and the court, I believe, did find that supported by a preponderance standard that drug trafficking existed. And then as discussed, that then proximity is a consideration there. And I would submit, based on the record, it was sort of undisputed that the drugs and methamphetamine were in the possession of the defendant when the defendant fled from the car. But even if this court finds that, you know, the record was insufficient to support drug trafficking, the drug possession, I think, is certainly supported by the record. And the evidence here that the, I think, importantly, leaving the drug trafficking area, it's a widely accepted premise that there is, you know, drug trafficking and violence are often connected or that it's a dangerous location. So here, whether the defendant himself was protecting his drugs for selling drugs while he was buying drugs or to avoid being robbed of those drugs, I think that concept, as the buyer of drugs or a user of drugs, is just as dangerous in connection with a gun than somebody selling it. That concept existed here in the record. I know it was in the context of a question, but the court specifically even asked about the gun serving to, and I think the quote was from the court, protect his stash. I think that goes directly to that idea. And it's consistent with other circuits also talking about the difference between potentially mere or coincidental possession in a house when you have a shotgun in a closet, drugs in a separate room with evidence of drug use material. Here, it's different when somebody goes out into the public with these items. And the court talks about the fact that the defendant was in public. So I think considering all those, there was sufficient evidence in the record for the court to determine that a felony was committed in connection with that firearm. And additionally, if the court, this court feels otherwise, any such error would be harmless based on the sentence that the court did ultimately give that was based in the thirty five fifty three factors very specific to the defendant's circumstances. Can I ask you the same question I asked Mr. Pringle, which is whether that harmlessness question about the guideline error was a topic discussed in the hearing by either counsel or the judge? And I do not recall that being specifically discussed in that context. No. OK, thank you. I think, yes, I think within the judgment or the statement of reasons, there was obviously the statement that the court would impose that same sentence. But beyond that, no. Right. Has any has any circuit to your knowledge held that a statement like that that is not made in open court in the presence of the parties, but is included in the written statement of reasons is sufficient for harmless error purposes? Is any court. Your Honor, I could not direct you to a specific case. What I would say as well, I acknowledge that, you know, even this court has talked about this kind of rote statement. And I do understand that. I think in looking at the record as a whole and looking at the statements that the court did make. There is no doubt what the court intended to sentence the defendant to in that 72 months that he was very bothered by the facts of this case and by the defendant's characteristics and history. And then that is why he, in fact, imposed that 72 month sentence regardless of that Yeah, I understand that. My my comment was more directed at the at the position you put in your brief about the kind of sanitizing statement that was included or the written statement in the statement of reasons. That just seems to me that you just you omit it from open court, you realize you may have made a mistake in the courtroom, you didn't discuss it in the courtroom and you just include it rotely in every single written statement of reasons. And I that doesn't seem right to me, and I was curious whether any court had adopted that position. Sure, Your Honor, I would not be able to direct you to a case on that specifically. Unless there are any other questions, I would rest on my brief and ask this court to affirm the sentence. Thank you. Thank you, Mr. Pringle. Thank you, Your Honor. I want to really quickly address some of the points the government made. First of all, this drug trafficking area concept, I think, should not be persuasive to this court. That is a determination made by a reporting police officer. We are not provided with any definition of what makes a drug trafficking area, a drug trafficking area, how much trafficking has to occur, how big is the area. There is no real definition and it's hard to then weigh that as a factor. Second, this idea that the gun could serve two purposes. Well, sure, a gun could serve two purposes. However, in this case, it's our our position that the facts that this court and district court has been presented with fall short of the courts being able to make an inference that this gun served either purpose. The concept is true. A gun could serve dual purposes. But what's in front of a court is, are facts sufficient to support an inference that this gun served two purposes? And we're respectfully submitting that in this instance, the facts fall short of courts being allowed to make that inference. Also, with respect to this being in public. Well, I mean, how many of these cases are not in public? It's it's hard to see how that would weigh for the the enhancements application. And if it did, it would be, I would argue, only a little bit. The government cites a few cases in its materials. Probably the closest one to to this sort of argument is a Jenkins case, which is not a Seventh Circuit case. It's a Fourth Circuit case. One difference between the Jenkins case and ours is, number one, it's in the Fourth Circuit. But number two, Jenkins is out late at night. And in this case, I don't believe it's the same time of the day. And in the Jenkins case, there's a report that there has recently been a shooting. And so it's clear in that case that if you had drugs there, you would definitely need to protect them because it's a it's a very violent situation. So the Jenkins case, I think, is distinguishable on a number of factors. If there are no further questions, we'd ask that this court reverse the district court and order a new sentencing hearing. Thank you, Your Honors. All right. Thank you very much. And thanks to both counsel. The case is taken under advisement. And that concludes the court's calendar today. The court is in recess.